**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY Case No.: 24-32633 |
| Hendrie Cutler Grant, | Chapter 7 |
| Debtor. | |

**SETTLEMENT AGREEMENT**

In consideration of the covenants and provisions contained herein and other good and valuable consideration, Patti J. Sullivan, Trustee ("**Plaintiff**" or "**Trustee**") of the bankruptcy estate of Hendrie Cutler Grant ("**Debtor**"), and Troy and Julie Carlson ("**Carlsons**") have entered into this Settlement Agreement ("**Agreement**") resolving a claim asserted by the Trustee against the Carlsons.  More specifically, the Trustee alleged that a $100,000.00 transfer made by the Debtor to the Carlsons on September 3, 2024 (the "**Transfer**") was avoidable (the "**Claim**").

The Carlsons dispute the avoidability of the Transfer.

WHEREAS, the parties desire to resolve this matter without either party incurring more in the way of attorneys' fees or costs.

NOW THEREFORE, the parties hereby stipulate and agree as follows:

1.  Contemporaneously with the execution of this Agreement, the Carlsons shall pay the Trustee the sum of forty thousand dollars ($40,000.00) wire to "Patti J. Sullivan, Trustee" (the "**Settlement Payment**").  The Settlement Payment shall be made pursuant to wire instructions to be provided by the Trustee.

2.  This Agreement is subject to approval of the Bankruptcy Court.

3.  Subject to and upon payment in full of the Settlement Payment, and the Bankruptcy Court's approval of this Agreement, for good and valuable consideration, the receipt of which is

10186386v1

hereby acknowledged, the Trustee and the bankruptcy estate fully and finally release and discharge the Carlsons from, solely, the Claim.

4. The Carlsons shall be entitled to file a proof of claim pursuant to 11 U.S.C. § 502(h) in this bankruptcy case with respect to the Settlement Payment. This Agreement does not prejudice the ability of the Carlsons to file additional claims in this bankruptcy case unrelated to the Transfer and this Agreement.

5. The parties reserve all their rights in relation to this bankruptcy case other than resolution of the Claim per this Agreement.

6. If the Bankruptcy Court does not approve this Agreement, nothing contained herein shall constitute an admission by any party hereto, nor shall anything contained herein constitute a waiver of any claims or issues by any of the parties. Should the Court not approve this Agreement, the Trustee will return the Settlement Payment to the Carlsons.

7. It is specifically understood and agreed that the consideration hereinfore recited is in full, final, and complete compromise, settlement, accord and satisfaction of disputed claims; and there are no covenants, promises or undertakings outside of this Agreement other than as specifically set forth herein.

8. This Agreement shall be construed under the laws of the State of Minnesota and the parties irrevocably consent to the jurisdiction of the U.S. Bankruptcy Court, District of Minnesota, with respect to any action to enforce the terms and provisions of the Agreement.

9. This Agreement shall not be amended or otherwise altered except by a writing that is signed by the parties' authorized representatives.

10. This Agreement is valid if executed in counterparts, which if read together, constitute a fully executed Agreement.

10186386v1

**THE UNDERSIGNED HAVE READ THE FOREGOING AGREEMENT, FULLY UNDERSTAND IT, AND AGREE TO THE TERMS SET FORTH HEREIN.**

Dated: 4/4/25

_____
Patti J. Sullivan, Trustee

Dated: 3/4/25

_____
Troy Carlson

Dated: 3/4/25

_____
Julie Carlson