**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: GRANT, HENDRIE CUTLER,<br><br>Debtor. | Bky Case No. 24-32633-KAC<br>Chapter 7 Case |

## NOTICE OF HEARING AND MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES

TO: The entities specified in Local Rule 9013-2:

1. Patti J. Sullivan, Chapter 7 Trustee ("**Trustee**") herein, moves the Court for the relief requested below and gives notice of hearing.

2. The court will hold a hearing on this motion at **9:30 a.m. on Wednesday, December 2, 2026,** before Chief Judge Katherine A. Constantine, in Courtroom 8 West, 8th Floor, at the United States Courthouse, at 300 South Fourth Street, Minneapolis, MN 55415.

3. Any response to this motion must be filed and served not later than **Wednesday, November 25, 2026**, which is seven (7) days before the time set for the hearing (including Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. This case was filed on October 09, 2024. The case is now pending in this Court.

5. This motion arises under 11 U.S.C. § 503(a) and 11 U.S.C. § 503(b)(1)(B). The Trustee requests authority to pay administrative expenses as detailed herein.

6. Trustee filed an adversary proceeding captioned *Patti J. Sullivan, Trustee against Robert Burgess, Vision Development Group LLC,* Adversary case 26-03015, for Recovery of money/property - 547 preference and Recovery of money/property – other, regarding the real property located at 4354 Morgan Ave N Minneapolis, MN, legally described as follows: Lot 35, Block 3, Thrall-McKenzie Co's Oxford Manor, Hennepin County, Minnesota ("**Real Property**"). This adversary proceeding is set for a trial date before this court on November 20, 2026.

7. Since the Real Property has potential value for the bankruptcy estate, the Trustee used her best business judgment and determined that property insurance was necessary on the Real Property pending resolution of a mutually agreed-upon settlement or judgment at trial. Although Trustee's counsel asked Defendant's counsel if the Real Property is insured, and requested documentation/confirmation that the Real Property is insured, and that the trustee has been added as a loss payee, we did not receive anything from Defendant's counsel showing the trustee has been added as a loss payee.

8. Therefore, the Trustee has been paying for insurance coverage on the Real Property through Trustee Insurance Agency, Inc. ("**TIA**"), as Trustee believes this is a necessary administrative expense.

9. The following payments to TIA have been made by the Trustee to date for the Real Property from the funds on hand in the bankruptcy estate:

| Date | Amount |
|---|---|
| 06/16/26 | $275.50 |
| 07/09/26 | $111.17 |
| 08/01/26 | $225.50 |
| 08/26/26 | $225.50 |
| 10/15/26 | $225.50 |
| 11/06/26 | $225.50 |
| **Total:** | **$1,288.67** |

10. Prior to making the payments on October 15, 2026 and November 6th 2026, the Trustee was under the $1,000 threshold for payments to any one vendor for administrative expenses. In addition, the Trustee had thought the adversary proceeding would have been resolved by now. However, due to the recent nationwide BNC outage and the servicing issues that outage created, I requested and received a temporary waiver from the United States Trustee's office to make the payment on October 15, 2026 and November 6th 2026, since that payment increased the total paid to over $1,000, and that I would file a motion to get approval for ongoing payments to TIA once the BNC outage was resolved. Therefore, the Trustee files this motion seeking approval for the payments made to TIA to date, as well as approval to make any and all necessary payments for insurance going forward, until such time as the Real Property has been fully resolved.

11. In late September 2025, Panel Trustees were advised that the protocol for Panel Trustee administrative expense payments had been changed. The memo advising Panel Trustees of that change states, in part, "The payment of taxes or other administrative expenses beyond nominal amount outlined in Bankruptcy Rule 2002(a)(6) or included as a reimbursable expense pursuant to Rule 2016, should be sought as part of a motion to sell estate property or in a free-standing motion to pay taxes."[1]

12. As a result of this change in protocol, the Trustee brings this motion seeking approval of the payments of administrative expenses for insurance paid to TIA to date in the amount of $1,288.67.

13. The Trustee also seeks authorization to make such additional future monthly insurance payments to TIA, as necessary, without the need for filing another motion and incurring additional legal fees and costs of service. Said monthly insurance payments are believed to be in the amount of $225.50.

14. Therefore, the Trustee seeks authorization to pay administrative expenses with regard to the insurance on the Real Property.

15. In addition, the Trustee believes it is in the best interests of the bankruptcy estate to use Metro Legal Services, Inc. ("**Metro**") to run various asset searches on the various Judgments and other account receivables listed in the debtor's Schedules to determine collectability and next steps with respect to the various Judgments. Trustee has made demand, to no avail, has done some research but believes it prudent to obtain asset searches before further legal fees are incurred. Metro charges approximately $225 to $275 per asset search for each target depending on the number of asset searches ordered.

16. Therefore, the Trustee seeks authorization to pay administrative expenses with regard to asset searches run by Metro in the approximate amount of $3,300, and to date, the Trustee has made the following payments to Metro for other services in this case: 2/17/26 $75; 4/8/26 $75; and current bill $150.

17. If required, the Trustee gives notice that she may testify at the hearing of this matter.

---

[1] Local Rule 2016 seems to address this issue.

**WHEREFORE**, the Trustee requests that the Court enter an order as follows:

1. Approving the Trustee's payments made to Trustee Insurance Agency, Inc. to date in the amount of $1,288.67.

2. Approving the Trustee's payments made to Metro Legal Services to date in the amount of $300.

3. Authorizing the Trustee to pay to Trustee Insurance Agency, Inc. such additional future insurance payments, as necessary;

4. Authorizing the Trustee to pay to Metro Legal Services, Inc. such amounts to run asset searches on various Judgments listed in the debtor's Schedules in the approximate amount of $3,300; and

5. Granting such other relief as may be just and equitable.

Dated: November 6, 2026

s/ *Patti J. Sullivan*

Patti J. Sullivan, Trustee (#170124)
1041 Grand Ave., No.272
St. Paul, MN 55105
Telephone: (651) 699-4825
Email: Patti@pattisullivan.com

**VERIFICATION**

I, Patti J. Sullivan, the Trustee of the Bankruptcy Estate of Hendrie Cutler Grant, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: November 6, 2026

s/ *Patti J. Sullivan*

Patti J. Sullivan

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Chapter 7
Bky Case No. 24-32633-KAC

In Re: GRANT, HENDRIE CUTLER,

Debtor.

## ORDER

This matter is before the court on the motion of Patti J. Sullivan, Trustee, for the authority to pay administrative expenses under 11 U.S.C. § 503(a) and 11 U.S.C. § 503(b)(1)(B). Appearances, if any, were noted on the record.

Based on the motion and the file,

**IT IS ORDERED:**

1. The trustee's motion is GRANTED.
2. The trustee's payments made to Trustee Insurance Agency, Inc. to date in the amount of $1,288.67, are approved.
3. The trustee's payments made to Metro Legal Services to date in the amount of $300 are approved.
4. The trustee is authorized to pay to Trustee Insurance Agency, Inc. such additional future insurance payments, as necessary.
5. The trustee is authorized to pay to Metro Legal Services, Inc. such amounts to run asset searches on various Judgments listed in the debtor's Schedules in the approximate amount of $3,300.

Dated:

Katherine A. Constantine
Chief United States Bankruptcy Judge